UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KAY M. HARRIS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>　　　　　　Defendant. | CASE NO. 13-cv-05865 RBL JRC<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT<br><br>Noting Date: August 1, 2014 |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed (*see* Dkt. Nos. 17, 21, 22).

After considering and reviewing the record, the Court finds that the medical opinion of plaintiff's primary care physician Mark A. Wentworth, MD, submitted for the first time to the Appeals Council, contained limitations, such as the need to change

positions after five-minutes of standing, that were not considered by the ALJ in his assessment of the medical and vocational evidence and may have affected the ALJ's decision. For this reason, in considering the record as a whole, this Court recommends that this matter be reversed and remanded for further proceedings.

## BACKGROUND

Plaintiff, KAY M. HARRIS, was born in 1964 and was 41 years old on the alleged date of disability onset of August 1, 2006 (*see* Tr. 126, 133). Plaintiff obtained her GED but has no further formal training (Tr. 45). Plaintiff has work experience as an office manager/accountant, stock clerk, customer service clerk and cashier (Tr. 53).

According to the ALJ, plaintiff has at least the severe impairment of "lumbar spine degenerative disc disease (20 C.F.R. 404.1520(c) and 416.920(c))."

At the time of the hearing, plaintiff was living in a mobile home with her husband (Tr. 36).

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* Tr. 126-141, *see also* Tr. 66, 69, 75-79, 80-88). Plaintiff's requested hearing was held before Administrative Law Judge Robert P. Kingsley ("the ALJ") on May 15, 2012 (*see* Tr. 31-59). On May 31, 2012, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr.13-40).

On August 29, 2013, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-6). *See* 20 C.F.R. §§ 404.981, 416.1481. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in October, 2013 (*see* Dkt. Nos. 1, 3). Defendant filed the sealed administrative record regarding this matter ("Tr.") on January 17, 2014 (*see* Dkt. Nos. 14, 15).

In plaintiff's Opening Brief, plaintiff raises the following issues:  (1) Whether or not the Commissioner was required to consider the opinion of plaintiff's treating physician that she is disabled; (2) Whether or not the ALJ's RFC finding was incomplete, as it did not include the limitation that plaintiff can sit or stand for only 30 minutes, as identified by Dr. Holley and Dr. Wong; (3) Whether or not the ALJ was required to consider the side effects of plaintiff's pain medications; (4) Whether or not the ALJ provided any reasons germane to plaintiff's husband for rejecting his written lay statement, and whether or not the ALJ abused his discretion by not having him testify at her disability hearing; (5) Whether or not the ALJ provided clear and convincing reasons for finding that plaintiff's testimony was not credible; (6) Whether or not the ALJ was required to develop the record at Step 3, as her lumbar impairment may meet or equals the severity criteria of Listing 1.04; and (7) Whether or not further administrative proceedings are necessary to find plaintiff disabled (*see* Dkt. No. 17, p. 2).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not

supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

Plaintiff argues that the Commissioner erred by failing to provide a reason for rejecting the opinion of plaintiff's treating physician Mark A. Wentworth, MD, that was submitted for the first time to the Appeals Council. Dkt. No. 17, pp 2-3.

Approximately four months after the ALJ's decision was issued, Dr. Wentworth drafted a letter that was submitted to the Appeals Council opining that plaintiff "cannot sit for more than 45 minutes or stand for more [than] 5 minutes without having to change positions. Her gait is unstable and I have asked her to use a cane to prevent falls" (Tr. 363). Dr. Wentworth went on to explain that as a result of her chronic pain and functional limitations, plaintiff had developed moderate to severe depression, and that plaintiff experienced side effects from her medications including decreased concentration and cognition (Tr. 363). Dr. Wentworth further opined that plaintiff was "permanently disabled by her condition" (Tr. 363). In denying plaintiff's request for review of the ALJ's decision, the Appeals Council indicated that it considered this additional evidence and found that it did not provide a basis for changing the ALJ's decision (Tr. 1-2). This Court disagrees.

As defendant points out, however, this Court lacks jurisdiction to review the Appeals Council's denial of plaintiff's request for review of the ALJ's decision. *See Brewes,* 682 F.3d at 1161-62 (*citing Taylor v. Comm'r of the Soc. Sec. Admin.*, 659 F.3d

1228, 1231 (9th Cir. 2011)). Rather, "[w]hen the Appeals Council declines review, 'the ALJ's decision becomes the final decision of the Commissioner,' and the district court reviews that decision for substantial evidence, based on the record as a whole" *Id*. (*quoting Taylor*, 659 F.3d 1228, 1231 (9th Cir. 2011)(other citations omitted). The Court, therefore, "may neither affirm nor reverse the Appeals Council's decision." *Taylor*, 659 F.3d at 1228.

Contrary to plaintiff's argument, the Appeals Council is "'not required to make any particular evidentiary finding' when it reject[s] evidence . . . obtained after an adverse administrative decision." *Id*. at 1232 (*quoting Gomez v. Chater*, 74 F.3d 967, 972 (9th Cir. 1996)). As such, other than noting that it considered Dr. Wentworth's letter, the Appeals Council did not have to give specific attention to, or provide legally sufficient reasons for rejecting, it. *See* 20 C.F.R. § 404.970(b) (requiring that Appeals Council only "consider" any "new and material evidence" submitted to it, where it "relates to the period on or before the date of the [ALJ's] hearing decision," and "evaluate the entire record including the new and material evidence" and "review the case if it finds that the [ALJ]'s action, findings, or conclusion is contrary to the weight of the evidence currently of record.") (emphasis added); *see also* 20 C.F.R. §§ 404.976(b), 404.979, 416.1470(b), 416.1476(b), 416.1479. This is what the Appeals Council did.

The Ninth Circuit has held, however, that "when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court *must* consider in determining whether [or not] the Commissioner's decision

is supported by substantial evidence." *Brewes* , 682 F.3d at 1159-60 (emphasis added).

In reviewing the record as a whole, including Dr. Wentworth's letter, this Court notes that some of the functional limitations opined by Dr. Wentworth were not considered by the ALJ in his assessment of the medical and vocational evidence.

For example, although the hypothetical question posed to the vocational expert ("VE") accommodated the need to change positions after 45-minutes of sitting and the need to use a cane, the record is silent as to whether the jobs relied on by the ALJ at step four of the sequential disability evaluation process to find plaintiff not disabled also accommodated the need to change positions after five- minutes of standing (Tr. 25, 53-54, 363). Additionally, Dr. Wentworth's letter lends credibility to plaintiff's statements regarding her need to use a cane and her complaints that her medications made her "extremely tired and kind of loopy" (Tr. 43, 363). *See* 20 C.F.R. §§ 404.1529(c), 416.929(c) (a claimant's credibility relies in part on the assessment of the medical evidence).

Defendant argues that Dr. Wentworth's opinion indicates that plaintiff's condition worsened in the months after the ALJ decision, and that evidence of plaintiff's post-decision condition provides no basis for remand. However, there is no clear indication in Dr. Wentworth's letter that the opined limitations were newly developed or that plaintiff did not require such limitations during the time period at issue in the ALJ's decision (see Tr. 363). For these reasons, the Court cannot find that the ALJ's decision is supported by substantial evidence in the record. *See Brewes* , 682 F.3d at 1159-60. Had Dr. Wentworth's opined limitations been fully credited, it would have substantially affected

the ALJ's RFC; therefore, this error is not harmless. *See Molina,* 674 F.3d 1104, 1117-22 (9th Cir. 2012).

Although plaintiff argues that Dr. Wentworth's opinion should be credited and an immediate award of benefits directed, this Court disagrees. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000)(award of benefits appropriate when (1) ALJ failed to provide legally sufficient reasons to reject such evidence, (2) there are no outstanding issues that must be resolved, and (3) it is clear that the ALJ would be required to find claimant disabled if such evidence were credited).  The decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court.  *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989) (*citing Varney v. Secretary of HHS*, 859 F.2d 1396, 1399 (9th Cir. 1988)).  Moreover, there are outstanding issues that need to be resolved and, as a result, it is not clear that the ALJ would be required to find plaintiff's disabled based on Dr. Wentworth's letter. *See Harman*, 211 F.3d at 1178.  As discussed previously, the record is silent as to whether plaintiff's past relevant work would accommodate the need to change positions after five-minutes of standing.  For this reason, remand for further proceedings to assess the opinion evidence of Dr. Wentworth, and, if warranted, further develop the vocational record is necessary.

## CONCLUSION

The medical opinion of plaintiff's primary care physician Mark A. Wentworth, MD, submitted for the first time to the Appeals Council, contained limitations that were not considered by the ALJ in his assessment of the medical and vocational evidence.  As such, the Commissioner's decision is not supported by substantial evidence.

1     Because this matter must be remanded for further proceedings, this Court sees no reason to address the balance of plaintiff's arguments on appeal, as the medical evidence and plaintiff's credibility will need to be reevaluated in light of this additional evidence. Based on this reason, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration. **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on August 1**,** 2014, as noted in the caption.

    Dated this 8th day of July, 2014.

J. Richard Creatura
United States Magistrate Judge