HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KAY M. HARRIS,<br><br>                Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                Defendant. | CASE NO. C13-5865 RBL<br><br>ORDER DENYING MOTION FOR EAJA ATTORNEY'S FEES<br><br>[DKT. # 26] |

THIS MATTER is before the Court on Plaintiff Kay M. Harris's Motion for Attorney's Fees and Costs pursuant to the Equal Access to Justice Act [Dkt. # 26].

Harris seeks $4,832.77 in fees and $18.93 in costs. Defendant Commissioner Colvin does not dispute the amount. She does argue that Harris is not entitled to any reimbursement because the Commissioner's litigation position was substantially justified, even if it ultimately did not prevail.

The Commissioner denied Harris's initial application for disability benefits, and an ALJ concluded Harris was not disabled under the Social Security Act. Harris appealed to the Appeals Council, and submitted a new doctor's (Dr. Mark Wentworth) opinion that detailed her physical limitations and that she was permanently disabled by her condition.   The Appeals Council

nevertheless denied review and Harris sued here. This Court reversed and remanded for the Acting Commissioner to properly consider the doctor's opinion and Harris's condition.

Harris claims that, once she submitted the additional doctor's opinion, the Commissioner's position about Harris's disability and rejection of the doctor's letter was not substantially justified. Harris noted this Court's finding that the ALJ's decision was unsupported by substantial evidence.

The Commissioner argues that she did not have the opportunity to consider the doctor's opinion when she denied Harris benefits and that the subsequent litigation was substantially justified. The Commissioner argues that Dr. Wentworth's letter not only postdated her decision, but that it lacked clarity about Harris's condition during the time for which she claimed benefits. She argues that without this clarity, her continued opposition to the benefits was substantially justified.

## DISCUSSION

Under the EAJA, a prevailing SSI plaintiff is entitled to fees and costs, unless the Commissioner's litigation position was substantially justified. 28 § U.S.C. 2412(d). The Commissioner's position is "substantially justified" if it has a reasonable basis in law and fact. *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008).

The issue is whether the Commissioner's litigation position was substantially justified after receiving Dr. Wentworth's medical opinion. Wentworth opined that Harris had limitations restricting her ability to "sit for more than 45 minutes or stand for more than 5 minutes" with "unstable gout," and that she was "permanently disabled by her condition." Harris claims that the Commissioner's position that she was not in fact disabled was not substantially justified because,

the Commissioner did not consider Wentworth's opinion, and because it otherwise was not based on substantial evidence. This Court reversed and remanded because this argument is persuasive.

However, it is clear the Commissioner did not have the letter at the time she denied Harris's benefit application, and that she believed prior medical opinions contradicted Dr. Wentworth's opinion. The Commissioner's litigation position, although mistaken, was made without the benefit of the opinion— it was substantially justified.  Adhering to that position when she reasonably believed that the opinion did not directly rebut her position was also substantially justified under the EAJA.

Harris is therefore not entitled to her attorney's fees and costs under the EAJA, and her Motion for Attorney's Fees is DENIED.

IT IS SO ORDERED.

Dated this 10th day of October, 2014.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE